IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUDITH JEFFERSON | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAROLYN W. COLVIN | : | NO. 16-cv-2665 |

O R D E R

AND NOW, this 18th day of May 2017, upon careful and independent consideration of

the Report and Recommendation (R&R) of United States Magistrate Judge Marilyn Heffley

(Doc. No. 13), Plaintiff's Objections to the R&R (Doc. No. 14), Defendant's Response to

Plaintiff's Objections (Doc. No. 16), Plaintiff's Brief and Statement of Issues in Support of

Request for Review (Doc. No. 9), Defendant's response thereto (Doc. No. 10), Plaintiff's Reply

Brief (Doc. No. 12), as well as the entire record in this matter, it is hereby ORDERED as

follows:

1.      Plaintiff's objections to the R&R are OVERRULED.

We adopt the R&R by Magistrate Judge Heffley (MJ), and write separately only
to address Plaintiff's objections to the R&R. When reviewing an R&R to which a
party has objected, a court must make "a de novo determination of those portions
of the report or specified proposed findings or recommendations to which
objection is made." 28 U.S.C. § 636(b)(1)(C). Plaintiff Judith Jefferson raises four
objections, all of which mirror her arguments against the decision of the
Administrative Law Judge (ALJ) in her Brief and Statement of Issues in Support
of Request for Review (Doc. No. 8) and her Reply (Doc. No. 12). We address
each in turn.

First, Jefferson objects to the MJ's determination that the ALJ did not err in
finding her vertigo to be a "non-severe" impairment. The ALJ concluded that
Plaintiff's vertigo was not a severe impairment at step two of the sequential

1

evaluation, but did not deny benefits outright at step two. Instead, the ALJ found that Jefferson had the severe impairments of epilepsy, a seizure disorder, asthma, obesity, depression, anxiety, a mood disorder, and an adjustment disorder. R. 67–68. The ALJ then proceeded to the subsequent steps in the sequential analysis. The MJ concluded that the ALJ did not err in concluding that Plaintiff's vertigo was not a severe impairment a step two, and that even if any error had been committed, the error was harmless. Salles v. Comm'r of Soc. Sec., 229 F. App'x 140, 145 n. 2 (3d Cir. 2007) ("Because the ALJ found in [Plaintiff's] favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless."); see Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005). This Court agrees with the MJ's analysis. Contrary to Plaintiff's objection, there was no error in the ALJ's conclusion regarding Plaintiff's vertigo, and any error would be harmless.

Second, Plaintiff objects to the MJ's conclusion that the ALJ's assessment of Plaintiff's residual functional capacity (RFC) was supported by substantial evidence. The ALJ determined that Plaintiff had "moderate" limitations with concentration, persistence, and pace, which limited her to "unskilled work . . . [in a] low stress environment such that there are few changes in work settings and no fast pace or quota production standards . . . [and] only occasional contact with the public." R. 70–71. The MJ concluded that this determination accounted for Plaintiff's moderate difficulties and additional limitations in the work environment. The ALJ's assessment is consistent with Third Circuit precedent addressing "moderate" limitations. See, e.g., McDonald v. Astrue, 293 F. App'x 941, 946 (3d Cir. 2008) (concluding that the ALJ's findings that Plaintiff had moderate limitations with his ability to maintain concentration, persistence, and pace and should be limited to "simple, routine tasks" without noise extremes and bright or sudden light changes was based on substantial evidence). Notably, in McDonald, the Third Circuit criticizes Plaintiff-Appellant's reliance on Ramirez v. Barnhart, 372 F.3d 546, 550 (3d Cir. 2004), a case on which Jefferson also relies. In McDonald, the Third Circuit explained that, on the basis of a lack of consideration by the ALJ of the frequency of with which Ramirez, the claimant, suffered these deficiencies, the limitation to "'simple one to two step tasks' was inadequate[.]" McDonald, 293 F. App'x at 847 n. 10. Here, the ALJ's RFC assessment regarding Plaintiff's mental limitations is more extensive and specific, and thus Ramirez is distinguishable. Therefore, Plaintiff's objection is meritless and it is overruled.

Third, Plaintiff objects to the MJ's conclusion that the ALJ did not err in evaluating medical evidence. The ALJ partially discounted the opinions of Dr. Sotomayor, who treated Plaintiff, Dr. Coleman, who reviewed Plaintiff's clinical records and conducted a clinical interview of her, and Emmanuel Schnepp, Ph.D., a state agency psychologist who referred Plaintiff to Dr. Coleman. R. 123–26. Multiple factors support the ALJ's decision to afford limited weight to these opinions.

As to Dr. Sotomayor, the ALJ's decision is proper on three grounds. First, the treatment notes of Dr. Sotomayor, who treated Plaintiff in November 2012 and March 2013, did not mention any functional limitations precluding work and only offered an opinion that Plaintiff could work if she had a "sit down position." R. 359. The ALJ accommodated this opinion by limiting Plaintiff to sedentary work. Second, examinations of the Plaintiff by three neurologists failed to show disabling limitations. To the contrary, examination results indicate that Plaintiff had "no neurological deficits[,]" "maintained normal strength, coordination, sense reflexes, and mental status[,]" and was generally "able to do usual activities[.]" R. 69, 74, 76–77, 423, 449, 518, 520, 522. Third, that Dr. Sotomayor checked a box on a state welfare form to indicate that Plaintiff would be disabled for one year does not resolve the Social Security disability analysis, because the ultimate disability conclusion is reserved to the Commissioner. <u>Cunningham v. Comm'r of Soc. Sec.</u>, 507 F. App'x 111, 118–19 (3d Cir. 2012); 20 C.F.R. §§ 404.1527(d)(1),(3); § 416.927(d)(1).

As to Drs. Coleman and Schnepp, the ALJ similarly is not required to base the RFC on a specific medical opinion because the RFC is a decision for the ALJ, not a doctor. <u>Chandler v. Comm'r of Soc. Sec.</u>, 667 F.3d 356, 361–62 (3d Cir. 2011) (disagreeing with the District Court's conclusion that the ALJ's explanation was insufficient because the ALJ provided details regarding his conclusion and the factual bases for them). Contrary to Plaintiff's assertion that the ALJ's assigning of no weight to Dr. Coleman's opinion and partial weight to Dr. Schnepp's opinion created an "evidentiary deficit," an ALJ has a duty to further develop the record only where the record is insufficient to make a disability decision. 20 C.F.R. §§ 404.1519a, 416.919a. An "ALJ is not bound to accept the opinion or theory of any medical expert, but may weigh the medical evidence and draw its own inferences[.]" <u>Brown v. Astrue</u>, 649 F.3d 193, 196 (3d Cir. 2011) (citing <u>Kertesz v. Crescent Hills Coal Co.</u>, 788 F.2d 158, 163 (3d Cir. 1986)). Therefore, the ALJ did not err in evaluating medical evidence.

Finally, Plaintiff objects to the ALJ's finding that Plaintiff was not credible as to the severity of her limitations, asserting that this finding was not supported by substantial evidence. As part of the RFC analysis, the ALJ evaluated the intensity and persistence of Plaintiff's symptoms to determine the extent to which those symptoms limit the individual's ability to work. Through a comprehensive review of the record, the ALJ considered Plaintiff's own statements about her symptoms as well as other evidence in the record, such as treatment notes, course of treatment, examination results, and pharmacy records. The ALJ's finding on Plaintiff's credibility is based on multiple factors.

First, the ALJ found that, contrary to Plaintiff's current complaints about her seizures, Plaintiff previously had told medical providers that her seizures were less frequent and less intense. R. 74–75, 106–07, 375, 395, 419, 423, 443, 520–22. In fact, two months before the hearing before the ALJ, Dr. Stanford S. Feingberg, one of the neurologists who evaluated Plaintiff, reported that Plaintiff's episodes "have not been increasing in frequency." R. 449.

Next, Social Security regulations provide that a claimant's statements may be less credible if medical reports show that the individual is not following the treatment as prescribed or there are no good reasons for this failure, and the ALJ found that when Plaintiff was filling her prescription regularly, her seizures were better controlled and she maintained steady employment. Although Plaintiff claims the ALJ failed to adequately discuss this issue at the hearing, the ALJ had considered Plaintiff's explanation—that her non-compliance was due to mental illness—as well as the record, which does not support Plaintiff's explanation. Further, although Plaintiff argues her daily activities should not undermine her credibility, daily activities are a factor ALJs must consider in the credibility determination. 20 C.F.R. §§ 404.1529(c)(3)(i).

Further, despite Plaintiff's claims that she is unable to perform household chores, Plaintiff previously stated that she performs a range of household chores for herself, her husband, and their four children, R. 70, 95, 257–60, and these activities contribute to the ALJ's determination that Plaintiff was able to perform work in certain settings. See, e.g., Giese v. Comm'r of Soc. Sec., 251 F. App'x 799, 803 (3d Cir. 2007) (affirming an ALJ's decision as based on substantial evidence where the claimant "testified that she was able to drive, do some chores, cook, read, shop (sometimes alone) and had a boyfriend"); Tuohy v. Comm'r of Soc. Sec., 127 F. App'x 62, 65 (3d Cir. 2005) (affirming an ALJ's decision as based on substantial evidence where the claimant testified "she drives an automobile, cooks, shops, and performs household chores as a matter of her daily activities").

These factors are consistent with Third Circuit precedent, which makes clear that "the ALJ is best situated to make credibility decisions [and] the findings of the ALJ are given deferential review." Drejka v. Comm'r of Soc. Sec., 61 F. App'x 778, 781 (3d Cir. 2003); see Hoyman v. Colvin, 606 F. App'x 678, 681 (3d Cir. 2015) ("The credibility determinations of an administrative judge are virtually unreviewable on appeal."). Therefore, Plaintiff's objection to the ALJ's credibility determination is meritless, and the objection is overruled.

2.      The R&R is APPROVED and ADOPTED.

3.      The decision of the Commissioner of the Social Security Administration is AFFIRMED.

4.    Plaintiff's request for review is DENIED. Judgment shall be entered in this matter in favor of Defendant. The Clerk of Court is directed to close this matter for statistical purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.